FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 01, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JERRY HERRON,<br><br>        Petitioner,<br><br>v.<br><br>RON HAYNES,<br><br>        Respondent. | No. 2:20-CV-00404-SAB<br><br>**ORDER DISMISSING HABEAS PETITION** |

Before the Court are Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2254, ECF No. 1, and Respondent's Answer and Memorandum of Authorities, ECF No. 5. The motions were considered without oral argument. Petitioner argues the Court should grant his petition, vacate his conviction, and remand his case to Whitman County Superior Court because the Government failed to turn over *Brady* evidence about the alleged victim and sole witness in his criminal case. He argues that the state court's decision dismissing his claims as time-barred was improperly decided, prevented him from presenting his claims, and was contrary to the clearly established law for evaluating *Brady* claims. Respondent argues the petition should be dismissed because—regardless of whether the Court applies his suggested start date or Petitioner's—the statute of limitations has long since lapsed and Petitioner fails to establish that the statute of

**ORDER DISMISSING HABEAS PETITION \* 1**

limitations should be tolled. Having reviewed the briefing and the applicable caselaw, the Court concludes that the petition is untimely and therefore dismisses the petition. Respondent's motion is granted.

## Facts and Procedural History

Petitioner is currently in custody at Stafford Creek Correctional Center. He challenges his 2007 Whitman County jury conviction for first degree rape with a deadly weapon enhancement. ECF No. 1 at 2. The charge stems from a complaint by K.B., then 24 years old, that on February 14, 2007, Petitioner picked her up as a hitchhiker and, while driving her to a second location, took her to a secluded location and raped her at knifepoint. There were no witnesses to the encounter besides K.B. and Petitioner. K.B. came forward "relatively contemporaneous[ly]" to the alleged attack. A rape exam came back positive for two sources of sperm, including a sample determined to be from Petitioner. At trial, Petitioner argued that he and K.B. engaged in consensual sex; this defense turned on K.B.'s credibility as a witness, who insisted that she did not consent and that Petitioner raped her. A jury convicted Petitioner and he was sentenced to 231 months imprisonment on July 27, 2007.

Petitioner pursued a direct appeal. His appeal to the Division III Court of Appeals was stayed due to uncertainty regarding the application of *Bone-Club* standards to the procedures used during jury selection.[1] Supplemental briefing was ordered in 2010, and in 2012 the Division III Court of Appeals denied the appeal. The Washington Supreme Court granted Petitioner's motion for discretionary review. However, the case was stayed for an additional two years to allow for two

---

[1] Although not relevant to the petition at hand, a *Bone-Club* challenge involves a challenge based on the right to a public trial and open judicial proceedings under the First and Sixth Amendments of the U.S. Constitution and Article 1, Sections 10 and 22 of the Washington State Constitution. *See* Jeanine Blackett Lutzenhiser, *An Open Courts Checklist: Clarifying Washington's Public Trial and Public Access Jurisprudence*, 87 WASH. L. REV. 1203 (2012).

**ORDER DISMISSING HABEAS PETITION \* 2**

rounds of supplemental briefing. On August 20, 2015, the Washington Supreme Court upheld the 2007 jury verdict. It also denied Petitioner's motion for reconsideration. Petitioner did not seek review from the Supreme Court of the United States, and his conviction became final on August 20, 2015.

Petitioner filed his first personal restraint petition ("PRP") on October 25, 2016. He argued that he received ineffective assistance of counsel at both the trial and appellate levels on the *Bone-Club* issues litigated in his direct appeal. The Division III Court of Appeals denied the petition on October 27, 2017, and the Washington Supreme Court denied review. The Division III Court of Appeals issued a certificate of finality on January 5, 2018. *See Phongmanivan v. Haynes*, 195 Wash.2d 309, 317 (2020) (noting a case is closed when a court issues a certificate of finality).

On March 28, 2018, Petitioner received records from the State indicating that the witness-complainant in his case, K.B., had been charged with fourth degree assault in Spokane County and had an active bench warrant for her arrest for failure to appeal while she was testifying against Petitioner. It is not disputed that this information was not disclosed to Petitioner during his trial, despite his request for all police records on K.B. On August 9, 2018, Petitioner filed his second PRP directly with the Washington Supreme Court, arguing that the pre- and post-trial suppression of K.B.'s pending charge and bench warrant constituted a violation of *Brady v. Maryland*. His petition included documentation of his request and a statement that the State did not disclose K.B.'s assault charge or warrant at that time. In October 2018, the Washington Supreme Court transferred the case to the Division III Court of Appeals.

On August 13, 2019, the Division III Court of Appeals issued an order denying the PRP. The Division III Court concluded that Petitioner's second PRP was untimely and, applying the newly discovered evidence standard under RCW 10.73.100, failed to demonstrate that his petition was entitled to tolling of the state

**ORDER DISMISSING HABEAS PETITION * 3**

statute of limitations. On March 9, 2020, Petitioner sought review by the Washington Supreme Court. On April 1, 2020, the Court denied review without explanation; a motion for modification was also denied without explanation on April 3. On April 22, 2020, the Division III Court of Appeals issued a mandate termination Petitioner's second PRP.

## Legal Standard – 28 U.S.C. §§ 2254 and 2244

28 U.S.C. § 2254 provides that a prisoner in state custody may seek to remedy a violation of their federal constitutional rights by filing a writ of habeas corpus in federal court. 28 U.S.C. § 2254(a). The court may grant relief only if the constitutional trial error caused actual and substantial prejudice. *Brecht v. Abrahamson*, 507 U.S. 619, 637-39 (1993). A petition shall not be granted if the state court proceedings reached the merits of the claim, unless the adjudication of the claim resulted in a decision that was (1) contrary to or involved an unreasonable application of clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1), (2). A state court's interpretation of state law is binding on the federal courts. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

Under the Antiterrorism and Effective Death Penalty Act, section 2254 petitioners must comply with the statute of limitations set forth in 28 U.S.C. § 2244. A petitioner must bring their federal petition within one year of the latest of:

(1) the date on which the judgment became final, either by the conclusion of direct review or the expiration of time to seek direct review;

(2) the date on which the impediment to filing the petition, which was created by State action, was removed;

(3) the date on which the constitutional right asserted in the petition was initially recognized by the Supreme Court of the United States, if the right is

**ORDER DISMISSING HABEAS PETITION * 4**

newly recognized and was made retroactively applicable to cases on collateral review at the time the right was recognized; or

(4) the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly-filed state petition for post-conviction review or other collateral review with respect to the relevant judgment or claim is pending is not counted toward the statute of limitations. 28 U.S.C. § 2244(d)(2). The petitioner bears the burden of proving he is entitled to this statutory tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002). If a state court concludes that a state collateral review petition is untimely, it is not properly filed for purposes of § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

However, the statute of limitations is not a jurisdictional requirement and is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). To be entitled to equitable tolling, the petitioner must demonstrate that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Williams v. Filson*, 908 F.3d 546, 558 (9th Cir. 2018). The petitioner must show that some "external force" caused their untimeliness rather than mere "oversight, miscalculation[,] or negligence" on their counsel's part. *Waldron–Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (internal quotation marks omitted). Similarly, mistake or ignorance of the law does not excuse the statute of limitations and is not grounds for equitable tolling. *See Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). This determination is a highly fact-dependent analysis. *Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017).

## Discussion

Petitioner argues that his petition should be granted because the State withheld impeachment evidence about K.B. in violation of *Brady* and its progeny.

**ORDER DISMISSING HABEAS PETITION * 5**

However, Respondent argues that the petition should be dismissed because it is untimely and not entitled to any form of tolling. In reply, Petitioner argues that his petition should be considered timely because the Division III Court of Appeals applied a test that was contrary to clearly established federal law in determining that his second PRP was not timely. He also argues that the Court should reach the merits of his *Brady* claim. As discussed below, the Court concludes that the petition is untimely and is not entitled to statutory or equitable tolling. Therefore, the Court dismisses the petition.

1. When the Statute of Limitations Began Running

The Court must first determine when exactly the statute of limitations began running in order to determine whether the petition was timely filed. Respondent, citing *Summers v. Schriro*, 481 F.3d 710, 717 (9th Cir. 2007), argues that the statute of limitations began running on November 18, 2015—90 days after the Washington Supreme Court affirmed Petitioner's conviction on August 20, 2015, and the conviction became final. Petitioner, on the other hand, seems to rely on § 2244(d)(1)(B) in arguing that the statute of limitations did not begin to run until after the State disclosed the withheld evidence to him on March 28, 2018, and thereby removed the impediment to filing his *Brady* claim.

The Court is not persuaded by Petitioner's argument. The later start date for the statute of limitations on the basis of a state-created impediment applies only if the impediment "altogether prevented him from presenting his claims in *any* form, in *any* court." *Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009) (emphasis in original). Furthermore, to qualify for the later start date, Petitioner would need to show that the *Brady* violation itself caused him to be unable to file his petition. *See Bryant v. Ariz. Atty. General*, 499 F.3d 1056, 1060 (9th Cir. 2007). Here, Petitioner cannot show that he was wholly unable to file his claims in any form, in any court, because he was in fact able to file his claims (albeit unsuccessfully) in state court. This conclusion is bolstered by the fact that the few cases applying § 2244(d)(1)(B)

**ORDER DISMISSING HABEAS PETITION * 6**

"have dealt almost entirely with the conduct of prison officials who interfere with inmates' ability to prepare and to file habeas petitions by denying access to legal materials." *See Shannon v. Newland*, 410 F.3d 1083, 1087-88 (9th Cir. 2005) (rejecting claim that an unfavorable state appellate opinion was an "impediment" to petitioner filing a habeas petition); *see also Wood v. Spencer*, 487 F.3d 1, 7 (1st Cir. 2007) (finding that a prosecutor's failure to produce *Brady* material was not an impediment to petitioner filing his habeas petition).

Furthermore, it does not appear that Petitioner can fit his petition into § 2244(d)(1)(D) and push the start date of the statute of limitations based on the newly discovered *Brady* evidence. Even if the State did not disclose evidence of K.B.'s 2007 arrest and warrant until March 2018, K.B.'s charge and warrant were publicly available in the municipal court's docket. The Ninth Circuit has recognized that "the effort required to aggregate…publicly available information" does not render that information undiscoverable through the exercise of due diligence. *Alfaro v. Johnson*, 862 F.3d 1176, 1185 (9th Cir. 2017).

The Court agrees with Respondent that the statute of limitations began to run once the conviction became final on November 18, 2015. Under the anniversary method of Federal Rule of Civil Procedure 6(a) and—absent any tolling—Petitioner had until November 18, 2016 to file a federal habeas petition. The statute of limitations ran from November 18, 2015, until November 2, 2016, when Petitioner filed his first PRP. The state courts concluded that the first PRP was timely and properly filed, so it tolled the federal statute of limitations while that petition was pending. The statute of limitations was then tolled until January 5, 2018, when the certificate of finality was issued. At that point, there were sixteen days left on the statute of limitations, which ran and expired on January 22, 2018.[2]

---

[2] The statute of limitations actually ended on January 21, 2018. However, January 21st was a weekend, so the statute of limitations ended on the next open court day.

**ORDER DISMISSING HABEAS PETITION \* 7**

1  The instant petition was not filed until October 30, 2020. Thus, unless the instant
2  petition qualifies for any form of tolling, it is untimely under § 2244(d)(1).
3      2. <u>Whether the Petition is Entitled to Statutory Tolling under § 2244(d)(2)</u>
4          The Court next considers whether the petition is entitled to statutory tolling
5  under § 2244(d)(2). Petitioner argues that the time he was pursing his second PRP
6  tolled the federal habeas statute of limitations. Petitioner also argues that the
7  Division III Court of Appeals erred by improperly conflating the merits with the
8  timeliness issue when it applied a newly discovered evidence test to determine
9  whether his second PRP was timely. Respondent argues that, even if some of the
10 statute of limitations was tolled under § 2244(d)(1), the instant petition is untimely
11 because it was not filed in the remaining 16 days of the statute of limitations.
12 Respondent also argues that the Division III Court of Appeals was correct in
13 concluding the second PRP was not timely and that this Court should defer to that
14 conclusion.
15          As discussed above, the statute of limitations began to run on November 18,
16 2015. Petitioner filed his first PRP on November 2, 2016, 349 days later. That
17 petition was properly filed, so the statute of limitations was tolled under
18 § 2244(d)(1) while it was pending in state court. The first PRP proceedings ended
19 on January 5, 2018, when the Division III Court of Appeals issued a certificate of
20 finality dismissing the petition. Petitioner argues that his second PRP—filed on
21 August 27, 2018—further tolled the statute of limitations under § 2244(d)(2).
22          The Court is not convinced. First, the Division III Court of Appeals—the
23 highest state court to consider the second PRP—determined that the second PRP
24 was not timely filed. Based on that determination, the second PRP was not
25 "properly" filed and therefore cannot be the basis for tolling the statute of
26 limitations under § 2244(d)(2). Furthermore, "when a postconviction petition is
27 untimely under state law," as is the case here, "'that is the end of the matter' for
28 purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414. Thus, the Court is not persuaded

**ORDER DISMISSING HABEAS PETITION * 8**

by the argument that, because the Division III Court of Appeals used the newly discovered evidence test, this Court need not defer to the state court's determination of timeliness under state law. The Court therefore concludes that the petition is not entitled to statutory tolling under § 2244(d)(2).

    3. <u>Whether the Petition is Entitled to Equitable Tolling</u>

    The Court finally considers whether the petition is entitled to equitable tolling. Respondent argues that the petition is not entitled to equitable tolling because Petitioner cannot show that he was diligently pursuing his rights or that some extraordinary circumstance prevented him from timely filing the instant petition. Although Petitioner does not directly address equitable tolling, it could be argued that his position is that the state court's allegedly unlawful use of a newly discovered evidence standard instead of the usual *Brady* standard entitles him to equitable tolling. He argues that the state court erred in rejecting his second PRP because its interpretation of state law was not reasonable. Finally, he argues that the state court did not actually consider whether he was sufficiently diligent in pursuing his rights when it ruled against him.

    As discussed above, the court may equitably toll the statute of limitations under AEDPA if the petitioner shows that he has been diligently pursuing his rights and that some extraordinary circumstance prevented him from timely filing his petition. *Holland*, 560 U.S. at 649; *Smith v. Davis*, 953 F.3d 582, 589 (9th Cir. 2020). In evaluating whether extraordinary circumstances caused the petitioner's failure to timely file, the court is not bound by mechanical rules and must decide the issue based on all the circumstances of the case. *Smith*, 953 F.3d at 600. Equitable tolling is reserved for extraordinary cases and is not available in most cases. Thus, in *Smith*, the Ninth Circuit ruled against a "stop-clock" method of tolling and held that a state habeas petitioner had not been reasonably diligent in pursuing his rights because he gave no explanation of how he had acted diligently or had been unable to file earlier. *Id.*

**ORDER DISMISSING HABEAS PETITION \* 9**

According to Petitioner's "timeliness chart," ECF No 2-6, this was the timeline of this case:

- March 28, 2018 – Counsel learns of alleged *Brady* violation
- August 9, 2018 – 2nd PRP filed
- August 13, 2019 – 2nd PRP denied by Court of Appeals
- January 3, 2020 – Washington Supreme Court denies motion to modify
- April 3, 2020 – Washington Supreme Court motion for reconsideration denied
- October 30, 2020 -- § 2254 motion filed

Petitioner offers no explanation for the six-month gaps between (1) learning of the alleged *Brady* violations and the filing of the second PRP or (2) the Washington Supreme Court's final decision and the filing of the instant motion. He does not explain why he chose not to file a protective federal habeas petition, a practice that the Supreme Court has recognized as appropriate for petitioners who want to ensure both that they exhaust their state court remedies and that their federal habeas petitions are timely under AEDPA. *See Pace*, 544 U.S. at 416. Even if the Court were to consider Petitioner's argument that the Division III Court of Appeals erred in applying Washington's newly discovered evidence rule to determine whether the second PRP was timely, Petitioner fails to show that there were any extraordinary circumstances that prevented him from filing a timely petition.[3] Because Petitioner fails to show that he was diligently pursuing his rights

---

[3] The Court also notes that, of the courts that have been presented similar arguments, none of have concluded that application of Washington's newly discovered evidence standard to *Brady* claims is unlawful. Washington courts have reasoned that the newly discovered evidence standard applies to timeliness determinations under RCW 10.73.100 because the newly produced *Brady* material is "newly discovered" when the evidence is disclosed for the first time. *See In Re Stenson*, 174 Wash.2d 474, 485 (2012). Furthermore, federal courts reviewing habeas petitions from Washington state prisoners have not concluded that application of the rule by state courts is unlawful. *See, e.g., Eggleston v. Gilbert*,

**ORDER DISMISSING HABEAS PETITION * 10**

and fails to show that some extraordinary circumstance prevented him from filing his petition, the Court concludes that the petition is not entitled to equitable tolling. The petition is therefore not timely under AEDPA and is dismissed.

Accordingly, **IT IS HEREBY ORDERED:**

1. Respondent's Answer and Memorandum of Authorities, ECF No. 5, is **GRANTED**.

2. Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, ECF No. 1, is **DISMISSED**.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Petitioner, and close the file. The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED**. The Clerk of Court is further directed to provide copies to counsel and **CLOSE** the file.

**DATED** this 1st day of April 2021.



Stanley A. Bastian
Chief United States District Judge

---

No. 3:16-CV-05159-RBL-DWC, 2018 WL 8120792 (W.D. Wash. Aug. 24, 2018); *Butsch v. Fraker*, No. C12-0064-JLR-MAT, 2013 WL 1331114 (W.D. Wash. Feb. 27, 2013).

**ORDER DISMISSING HABEAS PETITION \* 11**